STEPHEN THORN, RESPONDENT, v. SAMUEL J. ROODS, APPELLANT.

*Power to amend a notice of appeal from a justice's judgment — the power is confined to such an amendment as may be necessary to perfect the appeal taken and not to transform it into an appeal for a different purpose — Code of Civil Procedure, sec. 3049.*

Upon the hearing of a motion to dismiss an appeal, taken from a judgment rendered in a Justice's Court, upon the ground that the notice of appeal demanded a new trial although no issue had been joined in the Justices' Court, the appellant's counsel stated that it was intended to appeal on questions of law only, and that the failure to erase from the printed blanks the words "the appellant demands a new trial in the appellate court," was due to the neglect of his clerk, and asked that the notice of appeal be amended by striking out the demand for a new trial.

*Held,* as it appeared that at the time of the hearing of the motion it was too late to take an appeal upon questions of law, and the court had no power to extend the time within which to take such an appeal, that the motion was properly denied and the appeal dismissed.

APPEAL from an order, made by the county judge of Saratoga county, dismissing an appeal from a judgment rendered in a Justice's Court.

*Jesse Styles,* for the appellant.

*P. C. Ford,* for the respondent.

PARKER, J.:

This is an appeal from an order made by the county judge of Saratoga county, dismissing an appeal from a judgment rendered in Justice's Court.

The notice of appeal demanded a new trial in the County Court. Issue not having been joined in Justice's Court, the defendant was not entitled to take an appeal to the County Court for a new trial. (Code Civil Pro., § 3068; *McCann* v. *Sheeke,* 5 N. Y. W. Dig., 420.) The plaintiff thereupon, and properly, moved to dismiss the appeal. On the argument of such motion appellant's attorney read an affidavit in which he stated that defendant intended to appeal on questions of law only, that he so prepared the original, but that his clerk in preparing the copies for service omitted to erase from the printed blanks used for such purpose, the words " the appellant demands a new trial in the appellate court," and asked, among other things, that the notice of appeal be amended by striking out the demand for a new trial. Authority to amend a notice of appeal is given by section 3049 of the Code of Civil Procedure, and permits the court, in its discretion, to supply omissions or grant amendments to perfect an appeal already brought.

The aim and scope of the section seems to be to provide a method by which the court may, in the interests of justice, in cases of excusable neglect, grant such amendments as may be necessary to perfect an appeal, actually and in good faith, served upon either the justice or respondent. The power conferred is to supply such omissions or grant such amendments as may be necessary to perfect *the appeal, i. e.,* the appeal already taken, and not to perfect another

and different appeal, or transform the appeal actually taken into an appeal for another purpose. In this case what the appellant actually did was to appeal for a new trial. To perfect such an appeal no amendment was required. At the time of the hearing of the motion it was too late to take an appeal upon questions of law, and the power did not exist in the court to extend the time within which to take such an appeal.

In the emergency thus presented, the appellant contended for such a construction of the section as would declare it to contain an authorization for the court, under color of an amendment to do that indirectly which it may not do directly, *i. e.*, authorizing the taking of an appeal after the time within which the Code provides that it may be done has expired. The learned court properly held that no such power was conferred.

Order affirmed, with ten dollars costs and printing disbursements.

LANDON and FISH, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.